UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18CR00578 JAR |
| ) | |
| KENNETH L. WATKINS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation and Order of United States Magistrate Judge David D. Noce (ECF No. 104). On November 22, 2019, Defendant made a general Oral Motion to Suppress Arguably Suppressible Evidence (ECF No. 63). On January 14, 2020, Defendant filed a specific Motion to Suppress Physical Evidence (ECF No. 68) and on August 20, 2020 Defendant filed a Motion to Suppress Post-Arrest Statements (ECF No. 89). An evidentiary hearing was held on February 26, 2020 and then continued for further proceedings until September 21, 2020. Magistrate Judge Noce recommends the Court deny the general Oral Motion to Suppress Arguably Suppressible Evidence and the specific Motion to Suppress Physical Evidence and recommends the Court grant the Motion to Suppress Post-Arrest Statements.

Pursuant to 28 U.S.C. § 636(b), these matters were referred to United States Magistrate Judge David D. Noce, who filed an Order and Recommendation on November 23, 2020 (ECF No. 104). Defendant Watkins filed objections to the Order and Recommendation on December 14, 2020 (ECF No. 106).[1] Defendant Watkins summarily states that he objects to several conclusions

---

1 The Court notes that the objections to the Order and Recommendation were misdocketed as "Sealed Document 104 Report and Recommendations,,,,, Case No Longer Referred,,,," and will

drawn by Magistrate Judge Noce, but fails to provide any countervailing rationale for his position. The Court finds that the Magistrate Judge's conclusions are supported by the evidence, and Defendant Watkins' objections are not persuasive.

The Magistrate Judge recommends that the Court deny the general Oral Motion to Suppress Arguably Suppressible Evidence and the specific Motion to Suppress Physical Evidence and recommends the Court grant the Motion to Suppress Post-Arrest Statements. After de novo review of this matter, this Court adopts the Magistrate Judge's recommendations.

Accordingly,

**IT IS HEREBY ORDERED** that Order and Recommendation of the United States Magistrate Judge [104] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that the general Oral Motion to Suppress Arguably Suppressible Evidence [63] is **DENIED**.

**IT IS FURTHER ORDERED** that the specific Motion to Suppress Physical Evidence [68] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Post-Arrest Statements [89] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to redocket ECF No. 106 as "Sealed Objection to Order and Recommendation."

**IT IS FURTHER ORDERED** that a Jury Trial in this matter is scheduled for **Monday, June 14, 2021 at 9:00 a.m.** in Courtroom 12 North.

**IT IS FURTHER ORDERED** that to the extent that this trial setting may be outside the

---

direct the Clerk of Court to correct the docket entry to reflect that it is a Sealed Objection to the Order and Recommendation.

normal limits set by the Speedy Trial Act, I find, pursuant to 18 U.S.C. §3161(h)(7), that the ends of justice served by this trial setting outweigh the best interest of the public and the defendant in a speedy trial, and that therefore any time elapsed is excludable time under the Speedy Trial Act.   Specifically, the COVID pandemic presents substantial challenges to the Court's ability to protect the health and safety of all trial participants, including the jurors, the defendant, the witnesses, the attorneys, Court personnel and the public.   For example, to the extent possible, each participant must be separated from the others by at least six feet during all stages of the trial, including jury selection, trial, recesses, and jury deliberations.   Because of physical space limitations in the courthouse, the number of trials that can take place at any one time in the courthouse is severely limited.   The ends of justice and the public interest in protecting the safety of defendant, the trial participants, and the public therefore outweigh the interest of the defendant and the public in a speedier trial.

    Dated this 29th day of March, 2021.

                                                    _____
                                                    JOHN A. ROSS
                                                    UNITED STATES DISTRICT JUDGE